UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-22012-BB

JORDAN THOMAS, individually and on
behalf of all others similarly situated,

    *Plaintiff*,

v.

LIBERTY HOME GUARD LLC,

    *Defendant*.

_____/

**DEFENDANT'S MOTION TO DISMISS COMPLAINT WITH PREJUDICE FOR FAILURE TO COMPLY WITH FEDERAL RULES OF CIVIL PROCEDURE 8(A) AND 12(B)(6), OR ALTERNATIVELY, A MOTION FOR A MORE DEFINITE STATEMENT, AND MEMORANDUM OF LAW IN SUPPORT**

Defendant, LIBERTY HOME GUARD LLC ("Defendant" or "LIBERTY HOME GUARD"), by and through its undersigned counsel and pursuant to Rules 8(a), 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, files this Motion to Dismiss the Plaintiff, JORDAN THOMAS's ("Plaintiff") Class Action Complaint (the "Complaint"), and as grounds states as follows:

### I. INTRODUCTION

On May 1, 2025, Plaintiff filed a Class Action Complaint against Liberty Home Guard LLC, (ECF No. 1)[1], alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, based on alleged receipt of marketing text messages and prerecorded voicemails.

However, the Complaint is deficient on multiple grounds. First, Plaintiff fails to plead any non-speculative or concrete injury, as required by Article III and Federal Rule of Procedure 8(a).

---

[1] Defendant refers to Complaint (ECF No. 1) as the **"Compl. __."**

First, his claim for damages—based on the possibility of his phone slowing down, taking up memory, or becoming "unusable"—are entirely hypothetical. Second, Plaintiff fails to plead facts supporting a lack of consent, a critical element of a TCPA claim. Finally, Plaintiff's class allegations are procedurally defective and unsupported by facts demonstrating commonality, predominance, or ascertainability under Rule 23 of the Federal Rules of Civil Procedure.

Because the Complaint fails to state a claim upon which relief can be granted and lacks the specificity required by the Federal Rules, it should be dismissed in its entirety under Rule 12(b)(6). Alternatively, to the extent this Court rules that dismissal should not be granted, Defendant moves this Honorable Court for a more definite statement under Rule 12(e) due to the vague and conclusory nature of the allegations.

## II.  MEMORANDUM OF LAW

### i.  Motion to Dismiss Standard

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint when it fails to state a claim upon which relief can be granted. When ruling on a motion to dismiss under this rule, a court must accept all factual allegations as true and limit its consideration to the

complaint, the exhibits attached thereto, documents incorporated therein by reference and matters of which the court may take judicial notice. *Paterakis v. School Dist. of Brevard Cnty.,* No. 6:08-cv-1726, 2009 U.S. Dist. LEXIS 68084 (M.D. Fla. Aug. 3, 2009) (*citing Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)); *GSW, Inc. v. Long Cnty, Ga.*, 999 F. 2d 1508, 1510 (11th Cir. 1993).

### III.  ARGUMENT

#### i. Plaintiff Fails to Allege Any Concrete, Non-Speculative Injury

To survive dismissal under Rule 12(b)(6), a plaintiff must allege sufficient factual content to state a claim that is plausible on its face. Conclusory assertions and hypothetical harm are not enough. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The TCPA also requires a plaintiff to plead an actual, concrete injury, not a theoretical or imagined one. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). Here, Plaintiff's allegations fall short of that standard. They rely on speculation and lack the factual specificity necessary to demonstrate that any injury actually occurred.

For example, Plaintiff claims that Defendant's prerecorded messages "took up memory," "slowed performance," and "posed a risk of ultimately rendering the phone unusable." *See* Compl. ¶¶ 46–48. Yet the Complaint offers no facts indicating that memory capacity was meaningfully reduced, that performance was impaired in any measurable way, or that the device ever became or was close to becoming unusable. The allegation that the phone "could have" become unusable is not a factual allegation of harm but a hypothetical scenario. Such speculation does not satisfy the requirements of Rule 8.

Plaintiff also asserts that he "wasted five minutes" listening to the messages. *See* Compl. ¶¶ 44–46. But he does not allege how many messages were received, whether he listened to all of

them, how long they were, or how the alleged time loss disrupted his daily activities in any meaningful way. The contended five-minute inconvenience is simply stated without any factual foundation.

Speculative harms, hypothetical risks, and general frustrations are insufficient. Without more, Plaintiff's injury allegations fail to meet the federal pleading standard, which requires a short and plain statement showing entitlement to relief based on well-pled facts, not legal conclusions or imagined possibilities. *See* Fed. R. Civ. P. 8(a)(2). The Complaint should therefore be dismissed. At a minimum, Plaintiff should be required to amend to clarify the nature of the alleged injury and provide non-speculative, fact-based allegations supporting the claimed harm.

The Court's decision in *Bailey v. Domino's Pizza, LLC*, 867 F. Supp. 835 (E.D. La. 2012) is instructive. In *Bailey*, plaintiff asserted a claim under 47 C.F.R. § 64.1200(d). However, Plaintiff failed to allege that she requested defendant's policies and that the same were not provided. The defendant moved to dismiss this claim, and the Court agreed. Specifically, the Court held:

> The Court agrees with Defendant at least to the extent that the Complaint simply recites the requirements of 47 C.F.R. § 64.1200(d) and conclusorily alleges that they were violated. The regulation relates to a marketer's duty to prepare internal policies to receive and implement affirmative requests not to receive calls; Plaintiff does not allege that he made any such affirmative request to Defendant, and therefore it is not clear how the provision was violated.

*Id.,* at 842. As in *Bailey*, Plaintiff in the underlying matter only conclusorily alleges a violation of subsection § 1200(d), *see* Plaintiff's Compl., ¶¶ 61-63, but fails to allege how the subsection was violated. Devoid from Plaintiff's Complaint are any allegations that Plaintiff requested Defendant's internal policies and that such policies were otherwise not provided. Absent such allegations, Plaintiff's claim in this regard must be dismissed as a matter of law. *See, e.g.*, *Callier v. Nat'l United Grp., LLC*, 2021 WL 5393829 at *9 (W.D. Tex. Nov. 17, 2021) (dismissing claim

under § 64.1200(d) because "Mr. Callier does not allege that he requested National United internal policies, nor does he assert that he requested to be placed on their do-not call list."); *Cunningham v. Lifestyles Dev., LLC*, 2019 WL 4282039 at *5 (E.D. Tex. Aug. 8, 2019) ("Plaintiff does not allege that he made any affirmative request to RCI to stop calling him or to put him on a company specific do not call list. Nor does he allege he requested a copy of RCI's do not call procedures. As such, it is not clear how the provision was violated."); *Heidarpour v. Empire Capital Funding Group, Inc.*, 2018 WL 3455809 at *2 (N.D. Cal. Jul. 18, 2018) ("with respect to liability and damages allegations, plaintiffs do not specifically allege facts, or provide supporting evidence, to establish when and how anyone requested that the phone numbers at issue be placed on the National Do Not Call Registry.").

    ii.    **The Class Allegations are Factually and Legally Deficient**

Plaintiff's class allegations are procedurally and legally deficient. *See* Compl. ¶¶ 49-59. These paragraphs do little more than recite the elements required under Federal Rule of Civil Procedure 23 and fail to allege any specific facts demonstrating how those elements are satisfied in this case. Courts routinely reject such boilerplate class allegations. *See Twombly*, 550 U.S. at 555 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Notably, Plaintiff failed to plead any class-wide damages with particularity. Instead, he vaguely asserts that the class includes individuals who received text messages or prerecorded voice calls from Defendant. *See* Compl. ¶ 33. However, Plaintiff fails to demonstrate how all members of the proposed classes share common claims or suffered similar injuries. Plaintiff provides no factual support showing that proposed class members received the same messages, in the same format, or under the same circumstances.

Plaintiff's own allegations underscore the individualized nature of the claims. He alleges that he listened to voicemails and spent five minutes reviewing them. *See* Compl. ¶ 46. On the other hand, other class members may have received different content, deleted the messages without listening, partially listened to them, or consented to the communications altogether. In other words, plaintiff, including potential class members, may not have suffered any alleged harm at all. These factual distinctions defeat commonality and predominance under Rules 23(a)(2) and 23(b)(3). *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (commonality requires claims to "depend upon a common contention" capable of class wide resolution).

Because Plaintiff's class allegations are conclusory, factually unsupported, and inherently individualized, they fail as a matter of law and should be dismissed under Rule 12(b)(6), and/or in the alternative, Plaintiff should be ordered to provide a more definite statement identifying actual damages and a properly defined class.

## IV.    CONCLUSION

Based on the foregoing, Plaintiff fails to bring forward any claim upon which relief may be granted. Defendant, LIBERTY HOME GUARD LLC respectfully requests that this Court dismiss the Complaint with prejudice and any other relief that this Court deem just and proper.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on July 16th, 2025 the foregoing was filed with the Clerk of Court through CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing, including the following:

**Shamis & Gentile, P.A.**
Andrew J. Shamis, Esq.
ashamis@shamisgentile.com
Garrett O. Berg, Esq.
gberg@shamisgentile.com
Christopher Berman, Esq.
cberman@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Telephone: 305-479-2299
*Attorneys for Plaintiff and the Putative Class*

**EDELSBERG LAW P.A.**
Scott Edelsberg, Esq.
20900 NE 30th Ave., Suite 417
Aventura, Florida 33180
Telephone: 305-975-3320
Email: scott@edelsberglaw.com

*Attorneys for Plaintiff and the Putative Class*

Respectfully submitted,

**EPGD BUSINESS LAW P.A.**
*Attorneys for Defendant Liberty Home Guard LLC*
777 SW 37th Ave., Suite. 510
Miami, FL 33135
Telephone: (786) 837-6787
Facsimile: (305) 718-0687
Email: oscar@epgdlaw.com
Email: albert@epgdlaw.com
Email: carla@epgdlaw.com

BY: */s/ Albert D. Sabater*
OSCAR A. GOMEZ, ESQ.
Fl Bar No: 58680
ALBERT D. SABATER, ESQ.
FL Bar No. 1051376
CARLA V. LLANEZA, ESQ.
FL Bar No. 1039512